IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| EDDIE TADLOCK | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 6:17-cv-510 |
| | § | JURY DEMANDED |
| | § | |
| SWAN ELECTRICAL SERVICES, CORP | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

### I. JURISDICTION AND PARTIES

1. Jurisdiction of this Court is invoked pursuant to Section 107(a) of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12117, which incorporates by reference § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, providing for relief against discrimination on the basis of disability in employment.

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have occurred or been complied with:

   (a) a charge of employment discrimination on the basis of disability was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein.

   (b) A Notification of Right to Sue was received from the EEOC on August 15, 2017.

   (c) This Complaint has been filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

3. Plaintiff, Eddie Tadlock, is a citizen of the United States and the State of Texas who resides in Smith County, Texas.

4. All the discriminatory employment practices alleged herein were committed within the State of Texas.

5. Defendant, Swan Electrical Services Corp (hereinafter "Swan Electrical"), has continuously been and is doing business in Smith County, Texas. Swan Electrical Services Corp may be served by delivering a copy of the Complaint to its registered agent for service, Benny Swan at 16024 State Highway 31 West, Tyler, Texas 75709.

6. SWAN ELECTRICAL is a "person" within the meaning of § 101(7) of the ADA, 42 U.S.C. § 12111(7), and § 701 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

7. SWAN ELECTRICAL is engaged in an industry that affects commerce within the meaning of Section 101(7) of the ADA, 42, U.S.C. § 12111(7), and Section 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

8. SWAN ELECTRICAL employs 15 or more employees and is an "employer" within the meaning of Section 101(5)(A) of the ADA, 42 U.S.C. § 12111(5)(A).

## II. STATEMENT OF FACTS

1. Plaintiff was an employee of Defendant. Plaintiff was employed by Swan Electric as a journeyman electrician from February 2, 1992 until terminated on or about May 20, 2016.

2. Plaintiff was injured on the job on or about March 15, 2016 unloading some pole lights in the parking lot of a Holiday Inn in Tyler, Texas. At the time, Plaintiff did report the injury to my supervisor, but did not seek medical care.

3. After his pain symptoms worsened, Plaintiff approached the owner, Benny Swan on or about May 20, 2016. Plaintiff was having neck and back pain that radiated down his arm and into his chest. Swan indicated that he was going to file a notice of injury with the company's worker's compensation carrier, which Plaintiff thought had already been done.

4. Plaintiff was seen by a Dr. Marshall in Tyler, Texas who ordered and MRI of his neck and left shoulder. Dr. Marshall released Plaintiff to return to work as of May 31, 2016 with a lifting restriction of ten (10) pounds specific to his left arm.

5. Plaintiff presented the report from Dr. Marshall which indicated that he was released to return to work with the lifting restriction to Benny Swan. Swan refused to allow Plaintiff to return to work until he was 'fully released' and terminated his employment.

6. At the time Plaintiff was terminated, he was able to perform the essential functions of his job as a journeyman electrician with assistance consistent with his doctor's orders. Swan refused Plaintiff's request for accommodation and instead terminated him rather than allowing Plaintiff to return to work.

7. Defendant refused to honor Plaintiff's limited work release as presented from his doctor. Plaintiff request, but was refused accommodation of his physical limitations. Defendant failed to determine what, if any, accommodation could be made regarding Plaintiff's physical limitations.

### III. CLAIMS FOR RELIEF

#### (A) Americans with Disabilities Act

11. From the time of Plaintiff's diagnosis, Plaintiff has been an individual with a "disability" within the meaning of Section 3(2) of the Americans with Disabilities Act, 42 U.S.C. § 12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of his major life activities, has a record of such an impairment, and was regarded by Defendant as having such an impairment.

12. Plaintiff is a "qualified individual with a disability" as that term is defined in § 101(8) of the ADA, 42 U.S.C. § 12111(8). More specifically, Plaintiff is an individual with a disability who, with reasonable accommodation, can perform the essential functions of his job with Defendant.

13. Despite his doctor's directives regarding the limitation on Plaintiff's physical limitations, Defendant refused to make reasonable accommodation to Plaintiff.

14. Defendant's failure to make reasonable accommodation to Plaintiff's physical disability constitutes discrimination against Plaintiff with respect to terms, conditions, or privileges of

employment. Defendant's actions constitute a violation of Section 102(b)(5)(A) of the ADA, 42 U.S.C. § 12112(b)(5)(A).

15. Defendant failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation with Plaintiff.

16. In failing to make reasonable accommodation to Plaintiff's physical disability, Defendant acted with malice or with reckless indifference to the federally protected rights of Plaintiff.

17. Alternative, Defendant directly discriminated against Plaintiff in terminating him on the basis of his actual or perceived disability in violation of the ADA.

### (B) Worker's Compensation Retaliation

8. Plaintiff alleges that he was discriminated and retaliated against in violation of Texas Labor Code § 451.001 et. seq. because he had engaged in protected activities under the Texas Worker's Compensation Act.

9. Plaintiff seeks back pay, front pay and or lost wages and benefits in the past and future. Further, Plaintiff is entitled to compensatory damages, including pecuniary damages, mental anguish or emotional pain and suffering, inconvenience, and loss of enjoyment of life in the past and in the future.

10. Additionally, Plaintiff is entitled to recover punitive damages against Defendant because Defendant acted with malice or, at least, with reckless and/or conscious indifference to Plaintiffs' state protected rights to be free from discrimination and retaliation, as contemplated by Texas Labor Code Section 451.

### IV. DAMAGES

17. As a direct and proximate result of Defendant's discrimination on the basis of disability and violation of the ADA and./or violation of Texas Labor Code §451.001 *et seq.*, Plaintiff has suffered lost wages and benefits and lost employment opportunities.

18.     Defendant's violation of Plaintiff statutory rights has caused, continues to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

19.     Defendant intentionally inflicted extreme emotional distress upon Plaintiff by intentionally discharging Plaintiff. Plaintiff has suffered extreme emotional distress, embarrassment, severe disappointment, indignation, shame, despair, and public humiliation due to Defendant's discharge of Plaintiff.

20.     Plaintiff's harm was a result of the Defendant's actual malice or reckless indifference to Plaintiff's protected rights, thus Plaintiff seeks exemplary damages.

21.     Plaintiff is entitled to recover her reasonable and necessary attorney's fees pursuant to 42 U.S.C. § 2000e.

## V. JURY DEMAND

22.     Plaintiff demands trial by jury.

## VI. RELIEF REQUESTED

23.     Plaintiff requests the judgment of this Court against Defendant as follows:

   (a)   Find and hold that Plaintiff has suffered from Defendant's acts of discrimination on the basis of her disability;

   (b)   Order that Plaintiff be awarded the back pay he would have earned, with related monetary benefits and interest thereon, but for Defendant's acts of discrimination/retaliation;

   (c)   Order that Defendant reasonably accommodate Plaintiff;

   (d)   Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

   (e)   Requiring Defendant pay to Plaintiff damages for mental distress imposed upon Plaintiff through and as a result of the aforementioned discriminatory acts;

   (f)   Award Plaintiff his attorney fees, including litigation expenses, and the cost of this action; and

   (g)   Grant such other and further relief as may be just and proper.

Respectfully submitted,

\_\_\_/s/_____
William S. Hommel, Jr.
State Bar No. 09934250
HOMMEL LAW FIRM
1404 Rice Road, Suite 200
Tyler, Texas 75703
(903) 596-7100
(469) 533-1618 Fax

ATTORNEY FOR PLAINTIFF